UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIHAN, INC., et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>AMCO INSURANCE COMPANY,<br><br>         Defendant. | Case No.: 20-CV-97-LAB-WVG<br><br>**ORDER ON JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND RELATED CASE MANAGEMENT DEADLINES** |

   On February 6, 2020, this Court issued an order setting an Early Neutral Evaluation Conference ("ENE") in this matter to April 13, 2020 at 2:00 p.m. and a telephonic Pre-ENE Conference to March 31, 2020 at 10:00 a.m. (Doc. No. 6., "the ENE Order"). On March 22, 2020, the Parties filed a Joint Motion to Continue the Early Neutral Evaluation Conference and Related Case Management Deadlines. (Doc. No. 7.) In doing so, the Parties move the Court to continue the ENE, the telephonic Pre-ENE Conference, the deadline to exchange and lodge ENE statements, and the deadline to lodge the Parties' joint discovery plan. The basis for the Parties' request to vacate and reset nearly all deadlines encompassed in the Court's February 6, 2020 Scheduling Order is the "COVID-19 pandemic situation." (*Id*.) For the reasons below, the Court DENIES without prejudice the Parties' request and

ORDERS all participants in the March 31, 2020 Pre-ENE Conference and the April 13, 2020 ENE to appear **telephonically**, rather than in person.

Rule 16(b) of the Federal Rules of Civil Procedure requires a movant to establish good cause upon seeking modification of the scheduling order. Fed. R. Civ. P. 16(b). This good cause standard is primarily informed by the movant's diligence in attempting to fully comply with the deadlines set by the Court. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003). Failure to make the requisite showing terminates the Court's inquiry into whether it is appropriate to grant the movant's requested relief from the operative scheduling order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).

The Court is certainly mindful of the disruption the current COVID-19 pandemic has had on society at large and the efficient administration of justice. In that vein, the Court acknowledges the value of conducting the ENE in person; indeed, it is the most optimal means through which the Court may facilitate salient and sensitive settlement discussions with all parties, in joint and private settings. However, there is a reasonable and safe alternative to conducting the ENE in person during these uncertain times which the Parties have failed to acknowledge when making their request for such a long continuance. The Parties have not addressed why they would be unable to participate telephonically in the Pre-ENE Conference and the ENE itself. The only travel involved would be finding a quiet room in which to conduct a telephone call. At present, the COVID-19 pandemic's expiration date and whether the Chief Judge will lift the ongoing suspension of personal appearances are matters of uncertainty. The Parties' Joint Motion provides the Court no sound reason to stall the April 13, 2020 ENE and related dates by at least three months and make them contingent on either of those uncertainties.

"Company directives requiring employees to work remotely" certainly falls in line with the Court's modified procedures as reflected in this Order. Moreover, vague references to "unforeseen disruptions to normal business operations" are insufficient to meet Rule 16(b)'s good cause standard as applicable here. (Doc. No. 7, 2: 14-18.) While

accepting that the Parties have timely exchanged initial disclosures and settlement proposals, the Court strains to find what specific efforts the Parties have made to meet the deadlines to lodge ENE statements and a joint discovery plan and to prepare for the telephonic Pre-ENE conference. These efforts largely require counsel and their clients to electronically exchange and review documents and hold internal discussions regarding the relevant facts, witnesses, documents, claims, defenses, and the client's settlement position. From there, it falls on counsel for the Parties to meet and confer and exchange the relevant ENE statements and forge a joint discovery plan. All of this work can be performed via electronic and/or postal mail, and by telephone. The Joint Motion, however, lacks any insight into why these routine processes have apparently broken down and warrant the Parties' request to further set back the deadlines set forth in the ENE Order. In short, the Parties have failed to convince the Court that sufficient good cause exists to grant a three-month continuance of the April 13, 2020 ENE and allow such a continuance to impose a cascading effect on other deadlines associated with the ENE. For these reasons, the Court DENIES without prejudice the Parties' Joint Motion. All operative dates as memorialized in the Court's February 6, 2020 Scheduling Order remain in effect.

Accordingly, the Court ORDERS all counsel participating in the March 31, 2020 Pre-ENE Conference to telephonically appear. The Court further ORDERS all participants in the April 13, 2020 ENE, including all parties vested with full and complete settlement authority, adjusters for Defendant, if insured, and counsel, to telephonically appear for the ENE. No personal appearances for the ENE will be allowed, pursuant to the March 17, 2020 Order of the Chief Judge No. 18, which has suspended all personal appearances in ENEs through April 16, 2020 in light of the Corona Virus (COVID-19) pandemic.

For purposes of the March 31, 2020 Pre-ENE Conference, as set forth in the ENE Order (Doc. No. 6), the Court will initiate the call to the attorneys. However, for purposes of the April 13, 2020 ENE, all participants are ORDERED to dial Chambers' conference phone number **no later than 2:00 p.m. on Monday, April 13, 2020** to make their telephonic appearances. Chambers' conference phone number is (888) 363- 4734; the

access code is 9189689. The Parties and their counsel shall initiate their participation in the telephonic ENE by first dialing the conference phone number and then following all instructions as prompted. Should anyone experience technical difficulty in connecting with the Court through the conference phone number, they shall immediately contact this Court's Chambers via telephone at (619) 557-6384.

Finally, counsel is responsible for designating one attorney for each party to serve as the party's point-of-contact with the Court. **No later than Monday, April 6, 2020**, each attorney acting as the point-of-contact shall lodge his/ her direct telephone number and the names of all individuals who will participate in the ENE on their client's behalf, including the parties themselves, insurance adjusters, if any, and counsel.

**IT IS SO ORDERED.**

Dated: March 24, 2020

Hon. William V. Gallo
United States Magistrate Judge