UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIHAN, INC., et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>AMCO INSURANCE COMPANY,<br><br>          Defendant. | Case No.: 20-CV-97-LAB-WVG<br><br>**ORDER ON JOINT MOTION TO AMEND SCHEDULING ORDER TO CONTINUE FACT WITNESS DISCOVERY FOR 90 DAYS** |

  Pending before the Court is the Parties' August 20, 2020 Joint Motion to Amend Scheduling Order to Continue Fact Witness Discovery for 90 Days ("Joint Motion"). (Doc. No. 12.) In relevant part, the Parties move the Court to continue the August 21, 2020 fact discovery cut-off for 90 days to allow Defendant to inspect the subject property and take the depositions of Plaintiff's Person Most Knowledgeable ("PMK"), insurance representatives, and a host of fact witnesses. In so requesting, the Parties note they "have met and conferred and both sides are agreeable to amending the Scheduling Order to continue the Fact Discovery deadline for a period of 90 days." (*Id*., 3:1-3.) The Court DENIES the Parties' Joint Motion in its entirety, as explained immediately below.

  On April 17, 2020, this Court issued the operative Scheduling Order Regulating

Discovery and Other Pre-Trial Proceedings ("Scheduling Order"). (Doc. No. 19.) Amongst other deadlines, the Court set an August 21, 2020 cut-off for fact discovery. Since the Court's issuance of the Scheduling Order, the Parties have been entirely reticent on their discovery efforts and challenges, with the exception of their instant Joint Motion, which was filed at the proverbial eleventh hour. Glaringly, the Joint Motion appears to assume that, simply because the Parties have stipulated to a 90-day continuance of the fact discovery cut-off, the Court should readily accept such stipulation and modify its Scheduling Order accordingly. The Parties gambled on the Court's generosity. The gamble failed.

At all times, the Parties bear the burden of establishing their diligence in fully complying with the deadlines set by this Court when bringing a motion to modify the operative Scheduling Order. Rule 16(b) of the Federal Rules of Civil Procedure make this clear. Fed. R. Civ. P. 16(b). On March 25, 2020, the Court reminded the Parties of Rule 16(b)'s rigors in denying the Parties' Joint Motion to Continue Early Neutral Evaluation Conference and Related Case Management Deadlines. (Doc. No. 7.) Nevertheless, the Parties demonstrate for a second time they are remiss in bringing a sufficiently pleaded motion to modify deadlines governing this matter. To that end, the Joint Motion is bereft of any showing of diligence in their discovery efforts, except for a passing remark that "the parties recently served supplemental discovery responses and anticipate producing supplemental responsive documents." (Doc. No. 12, 2:21-23.)

Far more proof of diligence is needed to demonstrate the Parties made earnest efforts to comply with the dates set forth in the April 17, 2020 Scheduling Order. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (noting the good cause standard is primarily informed by the movant's diligence in attempting to fully comply with the deadlines set by the court). Failure to make this requisite showing terminates the Court's inquiry into whether it is appropriate to grant the Parties' requested relief. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). Accordingly, the Court DENIES the Parties Joint Motion. The August 21, 2020 fact discovery cut-off

shall remain in effect up to and including 11:59 p.m. on this day and not a minute longer.

**IT IS SO ORDERED.**

Dated: August 21, 2020

Hon. William V. Gallo
United States Magistrate Judge